UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEGGY ENRIQUES MIRANDA,  CIVIL ACTION
ET AL.

VERSUS  NO: 16-12555

SELECTIVE INSURANCE  SECTION: "J"(5)
COMPANY OF THE
SOUTHEAST, ET AL.

## ORDER & REASONS

Before the Court is Selective Insurance Company of the Southeast's ("Selective") *Motion for Judgment on the Pleadings* **(R. Doc. 64/65)**, an opposition (R. Doc. 71) thereto filed by Plaintiffs, Peggy and Jimmy Miranda ("Plaintiffs"), a response in opposition (R. Doc. 80) filed by Nationstar Mortgage, LLC ("Nationstar"), and a reply (R. Doc. 83) filed by Selective. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from Selective's denial of Plaintiffs' claim against its flood insurance policy. Plaintiffs own property located in Covington, Louisiana and sustained damage to their property from a flooding event that occurred in March of 2016. Plaintiffs allege that they contracted with Andrus Insurance Agency to procure flood insurance coverage for their property. Plaintiffs obtained insurance from Selective, a Write-Your-Own

("WYO") Program Carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* ("NFIA"). According to Plaintiffs, Selective would bill Nationstar for the flood insurance premium, which would then be paid from an escrow account maintained by Nationstar. However, when Plaintiffs' property flooded in March of 2016, Plaintiffs discovered that their policy had lapsed and that their property was not insured. In short, Plaintiffs allege that Selective negligently misrepresented who was responsible for paying the flood insurance premium. Selective argues that Plaintiffs' state law tort claims are preempted by federal law due to the Plaintiffs' insured-status at the time of the alleged misrepresentations. Selective's motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

### 1. Plaintiffs' Arguments

Plaintiffs argue that the question before the Court is whether Selective's alleged misrepresentations constitute "claims handling" or "insurance procurement." Plaintiffs contend that they have properly stated a claim against Selective for "insurance procurement," and that regardless of the merit or lack thereof of this argument, the proper time to address the merits of this argument is after discovery has been conducted. Plaintiffs' Complaint affirmatively argues, however, that Selective

2

misrepresented the status of Plaintiffs' insurance policy on two occasions. Specifically, Plaintiff alleges that Selective sent them correspondence on August 29, 2015 and September 22, 2015 which read, "NATIONSTAR MTGE, LLC pays this renewal notice. No payment is required by you. You should retain a copy for your records." Plaintiffs assert that the only reason its flood insurance policy lapsed was because Selective's notice states that Nationstar is responsible for paying the flood insurance premium. However, Plaintiffs' Complaint does not suggest that Selective made any other misrepresentations after their policy lapsed.

## 2.    Selective's Arguments

Selective argues that Plaintiffs' state law claims are preempted by federal law. Selective argues that Plaintiffs' Complaint only alleges that misrepresentations occurred while their insurance policy was in force. As such, Selective argues that the alleged misrepresentations constitute "claims handling," and are thus preempted. Selective also asserts that there is no dispute that Plaintiffs' insurance policy had lapsed at the time their property was flooded; accordingly, Selective argues that Plaintiffs cannot have a claim against a lapsed insurance policy.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant

to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

4

to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## DISCUSSION

The Fifth Circuit has described the statutory and regulatory framework of FEMA's WYO flood insurance program under the NFIA as follows:

> Congress established the Program to make flood insurance available on reasonable terms and to reduce fiscal pressure on federal flood relief efforts. FEMA administers the Program. Within the Program, the WYO program allows private insurers to issue flood insurance policies in their own names. Under this framework, the federal government underwrites the policies and private WYO carriers perform significant administrative functions including arrang[ing] for the adjustment, settlement, payment and defense of all claims arising from the policies. WYO carriers must issue policies containing the exact terms and conditions of the SFIP set forth in FEMA regulations. Additionally, FEMA regulations govern the methods by which WYO carriers adjust and pay claims. Although WYO carriers play a large role, the government ultimately pays a WYO carrier's claims. When claimants sue their WYO carriers for payment of a claim, carriers bear the defense costs, which are considered part of the . . . claim expense allowance; FEMA reimburses these costs. Yet, if litigation is grounded in actions by the [WYO] Company that are significantly outside the scope of this Arrangement, and/or involves issues of agent negligence, then such costs will not be reimbursable to the WYO carrier.

*Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009) (internal citations and quotation marks omitted). Plaintiffs' Complaint alleges several state law causes of action against Selective, including breach of contract, negligent misrepresentation, negligence, and detrimental reliance. (R. Doc.

1 at 7.) The parties agree that the flood insurance policy covering Plaintiffs' property lapsed prior to Plaintiffs' property flooding. The only dispute is why the premium was not paid. Plaintiffs argue that Selective's misrepresentations that Nationstar would pay the insurance premium were the reason why the premium was not paid and that the policy lapsed. When an insured asserts that its WYO insurance carrier negligently misrepresented the status of the insured's insurance policy, the issue is whether the insured's claim is considered "claims handling" or "insurance procurement." *See Campo*, 562 F.3d at 754. The key factor in determining whether the insured's claim is for "claims handling" or "insurance procurement" is the status of the insured at the time of the interaction between the parties. *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012). If the insured is already covered and in the midst of a non-lapsed insurance policy, and the interactions occur while the policy is still in force, the interactions between the insurer and the insured, including renewals of insurance, constitute "claims handling" subject to preemption. *Id.* (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 173 n.2 (5th Cir. 2009); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005)). But, if the insurance policy has lapsed, and the interactions between the individual and the insurer occur while the policy is not in force, the interactions are considered "insurance procurement" and are saved

6

from preemption. *See id.* Thus, the Court must determine when Plaintiffs allege that Selective misrepresented the status of their flood insurance policy, and whether such policy had lapsed at the time of the alleged misrepresentations.

Here, the Complaint only alleges two misrepresentations by Selective: one on August 29, 2015 and the other on September 22, 2015. (R. Doc. 1-1 at 5.) Plaintiffs do not allege that Selective made any other misrepresentations after their policy lapsed. Plaintiffs' policy was in force from November 2, 2014 to November 2, 2015. *Id.* Accordingly, Plaintiffs were in the midst of a non-lapsed insurance policy when these alleged misrepresentations occurred. Thus, these interactions constitute "claims handling" and are subject to preemption. Therefore, the Court finds that Plaintiffs' negligent misrepresentation claim, along with any other state law claims, against Selective must be dismissed as preempted. *Grissom*, 678 F.3d at 400; *Cf. Campo*, 562 F.3d at 754-55; *Wright*, 415 F.3d at 390 (holding that federal law preempts "state law tort claims arising from claims handling by a WYO").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Selective Insurance Company of the Southeast's *Motion for Judgment on the Pleadings* **(R. Doc. 64/65)** is **GRANTED**. Plaintiffs' state law claims against Selective Insurance Company of the Southeast are **DISMISSED WITH PREJUDICE AS PREEMPTED.**

New Orleans, Louisiana this 16th day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE