UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| PEGGY ENRIQUES MIRANDA, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 16-12555 |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is a *Motion to Remand to State Court* **(Rec. Doc. 148)** filed by Plaintiffs, Jimmy and Peggy Miranda, and an opposition thereto filed by Defendant, Dwight W. Andrus Insurance, Inc. (Rec. Doc. 152). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiffs own property located in Covington, Louisiana, which sustained damage in a flooding event in March of 2016. Plaintiffs allege that they contracted with Dwight W. Andrus Insurance, Inc. ("Andrus") for the procurement of flood insurance coverage for their property. Andrus obtained insurance from Selective Insurance Company of the Southeast ("Selective"), a Write-Your-Own Program Carrier participating in the National Flood Insurance Program. According to Plaintiffs, Selective would bill

Plaintiffs' mortgage company, Nationstar Mortgage, LLC ("Nationstar") for the flood insurance premium, and the premium would then be paid from an escrow account maintained by Nationstar. However, when Plaintiffs' property flooded on March 12, 2016, Plaintiffs discovered that their property was not insured because the policy had lapsed due to nonpayment.

The Plaintiffs' property suffered damage as a result of the flooding. On June 2, 2016, Plaintiffs filed a lawsuit against Selective, Nationstar, and Andrus in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana. (Rec. Doc. 1-1.) On July 8, 2016, Selective removed the case to this Court on the basis of federal question jurisdiction pursuant to the National Flood Insurance Act ("NFIA"). 42 U.S.C. §§ 4001, et seq. Plaintiffs later amended their complaint adding CoreLogic Solutions, LLC ("CoreLogic") as a defendant. Selective filed a Motion for Judgment on the Pleadings, which was granted by this Court on the grounds that Plaintiffs' state law claims against Selective were preempted by federal law. (Rec. Doc. 130). Plaintiffs moved to dismiss Nationstar as a result of a settlement agreement, which the Court granted. (Rec. Doc. 144.) The Court also granted CoreLogic's Motion to Dismiss for failure to state a claim against it. (Rec. Doc. 99.) Thus, since removal, Andrus is the only remaining defendant in this case.

On September 6, 2017, Plaintiffs filed a *Motion to Remand* this matter back to state court arguing that all of the claims raising federal question jurisdiction have been dismissed. **(Rec. Doc. 148.)** Andrus has filed an opposition to the motion acknowledging that there are no remaining allegations over which this Court has original jurisdiction, but requesting that this Court exercise supplemental jurisdiction over the remaining state law claims. (Rec. Doc. 152.) The motion is now before the Court on the briefs and without oral argument.

## LEGAL STANDARD AND DISCUSSION

When Selective removed this case to federal court, it predicated jurisdiction on the National Flood Insurance Act ("NFIA"). 42 U.S.C. §§ 4001, et seq. The NFIA grants federal courts original exclusive jurisdiction over lawsuits against Write-Your-Own ("WYO") insurance companies like Selective for disallowing claims made by insureds under Standard Flood Insurance Policies ("SFIPs"). 42 U.S.C. § 4072. WYO companies are the fiscal agents of the United States by statute, and all payments on SFIP claims come from the federal treasury. *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 386 (5th Cir. 2005); 42 U.S.C. § 4071; see *Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 770 (E.D. Va. 2006) ("[A] significant federal interest exists in the uniform application of the NFIP as it directly impacts the federal coffers."). Therefore, when an insured sues its WYO insurance

3

carrier over the handling of its claim under SFIP, the suit must be brought in federal court. *Corliss v. S.C. Ins. Co.*, 03-2944, 2004 WL 2988497, at *2 (E.D. La. Dec. 14, 2004). The Court must determine whether federal jurisdiction remains in this case now that Andrus is the only remaining Defendant.

Plaintiffs' claims against Andrus are for its alleged "failure to properly and fully provide and/or secure NFIP flood insurance coverage for the policy period from November 2, 2015 – November 2, 2016 and/or failing to inform Plaintiffs of non-payment by Nationstar." (Rec. Doc. 1-1 ¶ 21.) Specifically, Plaintiffs assert the following claims against Andrus: breach of contract, breach of fiduciary duty, negligent misrepresentation, negligence pursuant to Article 2315, and detrimental reliance. Andrus admits that there are no remaining allegations that would fall under the original jurisdiction of this Court. *See Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534 (E.D. La. 2006) ("claims involving procurement of NFIA policies do not fall within the Court's federal question jurisdiction"). Andrus is not a WYO insurance carrier and is not a fiscal agent of the United States, thus, federal funds are not implicated. Furthermore, Plaintiffs are not alleging that Andrus breached the SFIP; rather, Plaintiffs allege that they entered into a contract with Andrus to procure flood insurance on their property and that Andrus breached this contract by failing to procure flood insurance. The interpretation

4

of NFIP regulations is not an issue in this case. *See Sullivan v. State Farm & Cas. Co.*, 06-1677, 2006 WL 2119320, at *3 (E.D. La. July 27, 2006) (finding that because "Plaintiffs' claims do not arise from [the insurer's] compliance with FEMA regulations under an NFIP policy, but rather are claims that relate to the procurement of insurance and errors and omissions of an insurance agent," the case did not fall under the court's federal question jurisdiction."); *see also Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 770 (E.D. Va. 2006) (Federal question "jurisdiction does not exist in a lawsuit bringing state law claims of negligence, breach of contract, or fraud relating to the *procurement* of flood insurance under the NFIP."). As such, the Court agrees with the parties that the remaining claims against Andrus do not raise federal question jurisdiction.

Next, the Court must determine whether to exercise supplemental jurisdiction over the state claims asserted against Andrus. Pursuant to 28 U.S.C. § 1367(a), a court may exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Furthermore, section 1367(c) allows a district court to decline to exercise supplemental jurisdiction over a claim, if any of the following four factors are met and weigh in favor of doing so:

5

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In addition to the statutory factors, the Court must also consider the four common law factors of judicial economy, convenience, fairness, and comity when deciding whether to remand a case. *See e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Enoch v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011). When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims. *Hammerman & Gainer, Inc. v. City of New Orleans*, 17-4780, 2017 WL 2241090, at *2 (E.D. La. May 23, 2017) (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999)).

The facts of this case support remanding the proceedings back to state court. It is undisputed that all federal claims over which this Court had original jurisdiction have been dismissed by adjudication or settlement. Additionally, determination of this case requires an analysis of state law governing the duty of an insurance agent. Louisiana state courts are better situated to

6

adjudicate matters that may require an interpretation of state case and statutory law.

The common law factors also weigh in favor of a remand. While the Court recognizes that this matter has been pending before this Court for over a year, this Court's prior rulings did not involve any of the claims asserted against Andrus. In addition, although briefing on Andrus' Motion for Summary Judgment has recently been completed, the Court has not yet ruled on the motion, therefore, a remand to state court would not create an unnecessary waste of judicial resources. The parties' briefs on the motion may easily be submitted to the state district court in the Parish of St. Tammany for its consideration. Furthermore, St. Tammany is a more convenient venue for this case, as Plaintiffs point out, the damaged property and witnesses are located there. Because the trial for this case is still months away, neither party would be prejudiced by remanding the case to state court. In sum, the Court finds that a remand is appropriate at this time and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against Andrus.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand to State Court* **(Rec. Doc. 148)** be **GRANTED**.

New Orleans, Louisiana this 1st day of February, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE